**UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| THAMA ETIENNE, et al., ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:17-CV-196-TLS-PRC |
| ) | |
| ROEHL TRANSPORT INC., et al., ) | |
|     Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on a Notice of Removal [DE 1], filed by Defendants Roehl Transport, Inc. and Gary Webb on May 4, 2017. In the Notice, Defendants state that Plaintiffs' Complaint is subject to removal based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441.

The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). As the parties seeking to invoke federal diversity jurisdiction, Defendants bear the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Anything less can result in remand of a removed case to state court for want of jurisdiction. *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 321 (7th Cir. 2002). For cases in federal court due to removal on the basis of diversity jurisdiction, "diversity must exist both at the time of the original filing in state court and at the time of removal." *Altom Transport, Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (citing *Thomas v. Gaurdsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)).

The jurisdictional allegations of the Notice of Removal are deficient. Although the citizenship of Defendant Roehl Transport, Inc. is properly alleged, there is insufficient information to determine the citizenship of Plaintiffs Thama Etienne, Yvel Georges, Milove Pierre, and Estiben

Simon and of Defendant Gary Webb.

The citizenship of these parties is determined by their domicile. *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). The Notice of Removal alleges that Plaintiffs are "citizens of New York." The Notice also alleges that Webb was a citizen of Florida at the time of the accident that gave rise to this lawsuit and is currently a citizen of North Carolina. These allegations are not allegations of domicile and also provide no information as to the parties' citizenship as of the time of the filing of the Complaint in state court. Defendants must advise the Court of the domiciles of these parties as of the time of the state court filing of the Complaint and as of the date of this case's removal to federal court.

Accordingly, the Court hereby **ORDERS** Defendants to **FILE** a Supplemental Jurisdictional Statement on or before **May 22, 2017**, identifying the domicile of Plaintiffs Thama Etienne, Yvel Georges, Milove Pierre, and Estiben Simon and of Defendant Gary Webb as of the dates on which the Complaint and Notice of Removal were filed.

SO ORDERED this 8th day of May, 2017.

                                                  s/ Paul R. Cherry
                                                MAGISTRATE JUDGE PAUL R. CHERRY
                                                UNITED STATES DISTRICT COURT